**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3417-19

DONNA BOSKO, f/k/a
DONNA ROMANELLI,

     Plaintiff-Respondent,

v.

MICHAEL ROMANELLI,

     Defendant-Appellant.

_____

     Argued June 21, 2021 – Decided June 30, 2021

     Before Judges Fisher and Fasciale.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0167-18.

     Franklin G. Whittlesey argued the cause for appellant (Scholl & Whittlesey, LLC, attorneys; Franklin G. Whittlesey, on the briefs).

     Theodore Sliwinski argued the cause for respondent.

PER CURIAM

The parties were married in 1992. Their marriage produced two children, born in 1997 and 2000. A final judgment of divorce, which incorporated a property settlement agreement (PSA), was entered in 2018.

During the marriage, defendant Michael Romanelli worked in the auto body field. While the divorce action was pending, he sustained an injury that prevented him from continuing to work. This caused the trial court to adjust the pendente lite support Michael was paying plaintiff Donna Bosko to reflect Michael's disability income. The status quo remained unchanged when the parties entered into their PSA, which acknowledged Michael was "currently receiving temporary disability in the amount of $840 per week." Based on that circumstance, the parties agreed Michael would pay Donna $89 per week in open durational alimony and $156 per week in child support. The PSA also required Michael to advise Donna "immediately upon the termination of his temporary disability benefits" and declared that "the health and employability of each party shall be reviewed at such time."

When Michael's disability benefits ceased in June 2019, he moved for a modification of his support obligation. The judge, however, denied relief and directed the parties into mediation under the PSA. The mediation did not produce a settlement, so Michael again moved for a modification of his support

A-3417-19

obligations. He based that motion on the termination of the disability benefits and his inability to return to work in his chosen field or to find a job that would generate the level of income he previously enjoyed.

The judge denied Michael's motion for reasons set forth in a written decision, and Michael appeals, arguing:

> I. THE TRIAL JUDGE'S DECISION TO DENY [MICHAEL] A REVIEW OF HIS SUPPORT IGNORED THE CLEAR LANGUAGE OF THE [PSA] AND IS NOT BASED UPON SOUND REASONING AND SHOULD BE REVERSED.
>
> II. THE TRIAL JUDGE'S DECISION TO DENY [MICHAEL] A REVIEW OF HIS SUPPORT IGNORED THE EVIDENCE WHICH WAS SUFFICIENT TO ESTABLISH A PRIMA FACIE CASE OF CHANGED CIRCUMSTANCES.
>
> III. THE TRIAL JUDGE'S DECISION TO DENY [MICHAEL'S] REQUEST FOR PROOF OF HIS DAUGHTER'S CONTINUING COLLEGE ENROLL-MENT AND STATUS WAS A VIOLATION OF HIS RIGHTS.
>
> IV. THE TRIAL JUDGE'S DECISION TO DENY [MICHAEL'S] REQUEST FOR ORAL ARGUMENT WAS AN ABUSE OF DISCRETION AND YET ANOTHER VIOLATION OF [HIS] RIGHTS.
>
> V. THE TRIAL JUDGE'S DECISION TO DENY [MICHAEL'S] REQUEST FOR COUNSEL FEES AND COSTS WAS AN ABUSE OF DISCRETION AND YET ANOTHER VIOLATION OF [HIS] RIGHTS.

A-3417-19

VI. THE TRIAL JUDGE EXPRESSED BIAS AND A LACK OF REGARD FOR THE RIGHTS OF [MICHAEL], TO THE DEGREE THAT [HE] IS ENTITLED TO [A] REMAND TO ANOTHER JUDGE.

We agree with the argument posed in Michael's first point.

The judge denied Michael's motion because the PSA established the parties were aware of Michael's injury when they divorced. That is certainly true but it did not foreclose his right to a hearing. The PSA clearly states that when the disability benefits terminated, the parties would have their financial situation "reviewed." Indeed, the cessation of the disability benefits constitutes a substantial change in circumstances and warranted an evidentiary hearing.

The approach taken by the parties in their PSA was sensible. Rather than litigate what the parties were capable of earning and have the court base an award on such assumptions, the parties chose to live with the temporary situation and leave a more permanent solution for a later time when the temporary situation changed. There is no other plausible interpretation of the PSA. Once the disability income ended, Michael was entitled to an evidentiary hearing to explore the proper level of support based on the parties' actual incomes or, should there be a contention that one or both is unemployed or under-employed,

A-3417-19

to consider an award based on their ability to earn. The judge erred by denying Michael an evidentiary hearing.

In light of our disposition of Michael's first point, we need say little more about the other raised issues. Michael's second point is mooted by our ruling on the first. We find no merit in his third argument about emancipation, but we agree Donna is obligated to keep Michael informed of the child's continuing education so he will have sufficient information from which to determine whether the child is or has become emancipated. We also agree, as Michael argues in his fourth point, that his attorney should have been permitted oral argument on the motion, but our disposition of this appeal renders moot the need for any relief in that regard. Michael complains in his fifth point that he was erroneously denied counsel fees; in light of our disposition, whether or to what extent either party may be allowed counsel fees should abide the results of the evidentiary hearing for which we remand. We lastly find insufficient merit in Michael's sixth point to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

In short, we reverse the April 4, 2020 order and remand for an evidentiary hearing in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3417-19